UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

STALKANDER SHIPPING LTD.,                                          :
                                                                   :
                                    Plaintiff,                     :           08 Civ. _____
                                                                   :
            - against -                                            :           ECF CASE
                                                                   :
FEDCOMINVEST MONACO S.A.M. and                                     :
FEDCOMCHART SA,                                                    :
                                                                   :
                                                                   :
                                    Defendants.                    :
-----------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, STALKANDER SHIPPING LTD. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendants, FEDCOMINVEST MONACO S.A.M. and ("Fedcom") and FEDCOMCHART SA

("Fedcom SA") (hereinafter collectively referred to as "Defendants"), alleges, upon information

and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.  This claim involves the

breach of maritime contract of charter.  This matter also arises under the Court's federal question

jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the

Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under foreign law.

3.    At all times material to this action, Plaintiff was the Owner of the ocean going

vessel "SAINT RAFAEL A" (hereinafter the "Vessel").

4.    Upon information and belief, Defendant Fedcom was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Monaco.

5.    Upon information and belief, Defendant Fedcom SA was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was, and still is, at all material times the alias, trade name, paying agent, and/or joint venturer of Defendant Fedcom.

6.    By a charter party dated April 19, 2006, Plaintiff chartered the Vessel to Defendant Fedcom for a single voyage to carry bulk sulpher from Mariupol and/or Kerch, Ukraine to Selaata, Lebanon.

7.    Pursuant to the charter party, the Vessel loaded the cargo in Mariupol and Kerch and then sailed to Selaata, Lebanon.

8.    The Vessel arrived and berthed in Selaata on May 5, 2006.

9.    On May 8, 2006, during discharge, the stevedores used their own sling wires to lift their bulldozers from the No. 3 hold on the Vessel.

10.    The wire sling broke and the bulldozer fell, rupturing and severely damaging the Vessel.

11.    The Master then issued a stevedore damage report.

12.    The port of Selaata had no facilities to repair the damages.

13.    Thus, on May 9, 2006 the Vessel sailed to Piraeus, Greece to effect repairs.

14.    All concerned parties, *e.g.* receivers, stevedores, and Charterers (Defendant Fedcom), were notified to attend the Vessel's repairs in Piraeus, Greece.

15.    The Vessel arrived in Piraeus, Greece on May 11, 2006.

16.    On May 18, 2006, the repairs were completed and the Vessel sailed.

17.    As a result of the damage caused by the stevedores, which is for Fedcom's account under the charter party, Plaintiff sustained losses in the total principal amount of $190,898.64, exclusive of interest, arbitration costs and attorneys' fees.    **See Exhibit "1" attached hereto.**

18.    Disputes arose between the parties regarding Fedcom's failure to pay Plaintiff for the damages caused by the stevedores which are due and owing to Plaintiff under the charter party.

19.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

20.    Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant(s).[1]

21.    This action is brought in order to obtain jurisdiction over Defendant(s) and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

22.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim: | $190,898.64 |
| B. | Interest at 8%, compounded quarterly from time of breach (2006) to today (2008) (approx. 2 years): | $ 32,769.54 |
| C. | Further interest on amounts owed at same rate, from the date hereof (2008) until expected recovery (2011) (approx. 3 years): | $ 59,997.15 |

---

[1]    This action does not waive Plaintiff's right to arbitrate its claims in London.

   D.  Estimated recoverable legal fees and costs:  $ 100,000.00

**Total:**                      **$ 383,665.33**

  23.  It is not a general practice in the maritime community, nor anywhere else, for independent companies conducting business at arms length to make or receive large payments on behalf of other independent companies.

  24.  Payments sent or received on behalf of another independent company are indicative of a relationship and/or transaction that is not "arms length" or otherwise legitimate.

  25.  Upon information and belief, "FEDCOMCHART SA" is a trade name under which defendant "FEDCOMINVEST MONACO S.A.M" does business and/or is a business entity which lacks any separate corporate existence or identity apart from "FEDCOMINVEST MONACO S.A.M" who has previously paid debts of "FEDCOMCHART S.A.," the latter having its address at the same location in Monaco.

  26.  In the further alternative, Defendants are partners and/or joint venturers such that Fedcom SA is now, or will soon be, holding assets belonging to Fedcom, or vice versa.

  27.  In the further alternative, Defendants are affiliated companies such that Fedcom SA is now, or will soon be, holding assets belonging to Fedcom, or vice versa.

  28.  The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

  29.  The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendants held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendants within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendants, up to the amount $ **383,665.33** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.     That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.     That in the alternative, this Court enter Judgment against Defendants on the claims set forth herein;

F.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G.     That this Court award Plaintiff its attorney's fees and costs of this action; and

H.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 14, 2008
        Southport, CT

                        The Plaintiff,
                        STALKANDER SHIPPING LTD.


                        By: _____
                        Nancy R. Peterson
                        Patrick F. Lennon
                        LENNON, MURPHY & LENNON, LLC
                        420 Lexington Ave., Suite 300
                        New York, NY 10170
                        (212) 490-6050 – phone
                        (212) 490-6070 – fax
                        nrp@lenmur.com
                        pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )    ss.:    Town of Southport
County of Fairfield     )

1.    My name is Nancy R. Peterson

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        May 14, 2008
              Southport, CT

                                        Nancy R. Peterson

EXHIBIT "1"

# ALKON HOLDING INC

25, Akti Miaouli Street, Piraeus 185 35 – Greece
Tel: +30210–4190690/4190680  Fax: +30210–4128525  Tlx:212443 ALKO GR
E-mail: alkon@alkonholding.com

Ref . No.: SR/ 06/ 0123                      Date: 17 March 2008

To: Fedcominvest Monaco

## Re: M/V SAINT RAFAEL A / COSTS AND LOSSES OF HIRE DUE TO SELAATA STEVEDORE DAMAGE, 8TH MAY 2006

### Deviation
Vessel deviated to Piraeus (Perama Port) to effect repairs of the ruptured tank top of No. 3 Hold, instead of going direct from Selaata to Istanbul.

Departed Selaata 9 May 2006, 10:30 hours with destination Piraeus–Greece nearest port for repairs.
Selaata Istanbul = 810 Miles
Selaata – Piraeus – Istanbul = 955 Miles
Deviation Miles = 145 Miles
For speed and consumption see attached vessel's TC description.

Deviation Time = 145 Miles @ 11,5 knots per hour = 12,60 hours or 0,525 days

### Repair Time

Berthed Perama repair dock, 12 May 2006 13:35 hours
Completed repairs, 18 May 2006 06:00 hours
Sailed Perama repair dock, 18 May 2006 07:42 hours

Repair Time = 6 days 12 hours 51 minutes or 6,577 days

### Delay at Selaata Due To Stevedore Damage

Time lost        18 hours 10 minutes or 0, 75694 days

### Total Lost Time Due To Stevedore Damage

| | |
|---|---|
| Repair Time: | 6,577 days |
| Deviation Time: | 0,252 days |
| Delay at Selaata Port | 0,756 days |
| Total | 7,858 days |

## Cost of Repairs and Hire Losses

**Amounts in USD**

1) **Cost of Repairs**
   As per enclosed detailed invoice
   Euros Cost = 41.802,5 x Ex. Rate USD 1,5782 =                65.972,71

2) **D.A's  for calling Piraeus (Perama Docks)**
   Port dues, Agency, Tugs, Pilots etc € 12.001,22 x USD 1,5782=   18.940,33
   (See attached invoices)

3) **Off – Hire Losses**
   Vessel lost 7,858 days due to stevedore damage repairs
   As per enclosed Time Charter calculations net hire per day
   is 7.242,86 USD
   Lost days 7,858 x 7.242,86 USD =                            56.914,39

4) **Gas Free Expenses**
   Under the tank top of No. 3 Hold is the No. 2 Fuel Oil Tank
   center.
   During the damage No. 2 Fuel Oil Tank contained about
   180 M/T Fuel.
   In Piraeus this tank was cleaned and gas free ready for hot
   Work.
   Gas free expenses as per enclosed invoice are
   Euros 15.840,00 x USD 1,5782 =                              24.998,69

5) **Bunkers Cost For Deviation and Repairs Time**
   For speed and consumption see attached vessel T/C description,
   and bunker invoices

   IFO Consumption for deviation
   Deviation 0,525 days
   0,525 x 16 M/T per 24 hours x USD 359 per M/T =             3.015,60

   MGO Consumption for deviation
   0,525 days x 2 M/T per 24 hours x USD 682 =                  685,41

   MGO Consumption for maneuvering
   Vessel is consuming MGO in confined waters and during
   Maneuvering.
   Anchoring Piraeus Roads & in – out of Piraeus
   (Perama docks)
   4 M/T x USD 682 =                                          2.046,00

   MGO Consumption during repairs
   Repairs time 6,577 days x 2 M/T per 24 hours x USD 682 =    8.971,02

   MGO Consumption in Selaata delays due to damage
   0,756 days x 2 M/T x USD 682                                1.031,18

6) Class Nkk Invoice in Piraeus (Perama)
   Euros 1200 x USD 1,5782 =                                    1.893,84

7) Class Nkk Invoice in Selaata Lebanon
   USD 1.300                                                    1.300,00

8) Owner P + I Club surveyor fee in Selaata
   USD 2.920                                                    2.920,00

9) Vessel operators supervision costs
   One superintendent attended vessel during repairs in
   Perama.
   7 days x Euros 200 per day = € 1400 x USD 1,5782 =           2.209,48


   TOTAL                                            $190,898.64